UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Derek L. Gustafson, D.D.S., P.A.,                      BKY No. 17-50530

         Debtor,                          Small Business Case under Chapter 11

**DEREK L. GUSTAFSON, D.D.S., P.A.
PLAN OF REORGANIZATION**

**ARTICLE I
SUMMARY**

This Plan of Reorganization (the "Plan") is proposed under chapter 11 of the Bankruptcy Code (the "Code") and proposes to pay administrative expenses, secured creditors, and allowed unsecured claims of creditors of Derek L. Gustafson, D.D.S., P.A. (the "Debtor").

       This Plan provides for three classes of secured claims; one class of unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions. This Plan also provides for the payment of administrative and priority claims to the extent permitted by the Code.

       All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. The Debtor does not anticipate any adverse tax consequences to its creditors as a result of the Court's approval of this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney or if you do not have an attorney, you may wish to consult one.**

**ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS**

     2.01    <u>Class 1.</u>     The Secured Claim of American Bank of the North in the amount of $978,194.81, to the extent allowed as a secured claim under §506 of the Code.

     2.02    <u>Class 2.</u>     The Secured Claim of American Bank of the North in the amount of $41,548.00, to the extent allowed as a secured claim under §506 of the Code.

     2.03    <u>Class 3.</u>     The Secured Claim of On Deck Capital, Inc. in the amount of $54,500.00. The Debtor will treat this as an unsecured claim in

1

Class 4. The Debtor asserts that pursuant to 11 U.S.C. §506, the Class 3 creditor is an unsecured creditor.

2.04   <u>Class 4.</u>   All non-insider unsecured claims without priority allowed under 11 U.S.C. §502 of the Bankruptcy Code, including any claims arising from rejected executory contracts.

2.05   <u>Class 5.</u>   Equity Shareholder interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   <u>Unclassified Claims.</u>  Under 11 U.S.C. §1123 (a)(1), administrative expense claims, and priority claims are not classified.

3.02   <u>Administrative Expense Claims.</u>  Each holder of an administrative expense claim allowed under 11 U.S.C. §503 of the Code will be paid in full on the Effective Date (as defined in Article VIII below) of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   <u>Priority Claims.</u>  There is one priority unsecured claim against the Debtor. The Claim is held by the Minnesota Department of Revenue. It is in the approximate amount of $23,289.00. It is a provider tax claim. The Debtor will, commencing on the Effective Date, make monthly payments to the Minnesota Department of Revenue in the amount of $464.36 until the Claim is paid in full. There are no priority pre-bankruptcy wage claims or any other priority unsecured claim of a kind specified under 11 U.S.C. §507.

3.04   <u>United States Trustee Fees.</u>  All outstanding and accrued U.S. Trustee fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will be reserved and will be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date. The Debtor will continue to file disbursement reports with the Office of the U.S. Trustee while the bankruptcy case remains open.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of American Bank of the North | Impaired | The Debtor has an SBA term loan ("SBA Loan") with American Bank of the North. The SBA Loan is secured by all assets of the Debtor. The SBA Loan is further secured by the Guaranty of Derek L. Gustafson and a mortgage on the homestead located in Coleraine Minnesota of Derek L. Gustafson. The loan balance was approximately $978,194.81 on the Petition Date. The Debtor has made monthly adequate protection payments of $6,525.00 during the pendency of the case. The adequate protection payments will be applied to and reduce the principle balance of the loan. There will be no allowance for interest, costs, or attorney fees that may have occurred from the Petition Date until the Effective Date. The SBA Loan originally was to mature on October 9, 2025 and carried a 10-year amortization. On the Effective Date, the Debtor will enter into a new loan agreement and note ("Revised SBA Loan"). The Revised SBA Loan will be re-amortized over 10 years. The interest rate will be modified to be the prime rate as announced by the Wall Street Journal plus 1.25%. The interest rate will be adjusted quarterly. Under the new payment agreement, the Debtor will pay $8,500.00 monthly in the 1st and 2nd years following execution of the Revised SBA Loan. Thereafter, the payments will increase to $10,500 monthly in years 3, 4 and 5. Finally, in the remaining years of the Revised SBA Loan (years 6-10) the Revised SBA Loan will be amortized along with any interest rate increases. The Debtor estimates that payments will be approximately $11,876.00 per month, principal and interest. The new Revised SBA Loan will not include any prepayment penalty. Further, the Debtor will be allowed to liquidate the currently unused Bigfork equipment and apply the net amount of the proceeds from the sale of the equipment to the principle balance of the Revised SBA Loan without any prepayment penalty. |
| Class 2 – Secured Claim of American Bank of the North | Impaired | This Claim arises under a line of credit issued to the Debtor by American Bank of the North. The balance is approximately $41,548.00. The Debtor and the Class 2 creditor agree to convert this obligation to a term obligation. The loan will be re-amortized over five (5) |

| | | |
|---|---|---|
| | | years at a fixed interest rate of 6%. The Debtor will pay approximately $803.50 in monthly payments over 60 months. The Class 2 creditor will retain all collateral currently held by it. |
| Class 3 – Secured Claim of On Deck Capital, Inc. | Impaired | This Claim is in the approximate amount of $54,500.00. The Class 3 creditor is On Deck Capital, Inc. ("OnDeck") who made a loan to the Debtor in September 2016. The Class 3 creditor claims a security interest in certain assets of the Debtor. The Debtor asserts that the Claim is wholly unsecured by virtue of amounts owing by the Debtor to the Class 1 and Class 2 creditor. The Debtor has also commenced an Adversary proceeding against the Class 3 creditor alleging preferences and disallowance under applicable provisions of the Bankruptcy Code. The Adversary No. is: 17-5119. The Debtor's Plan is to treat the Class 3 creditor as an unsecured creditor in Class 4. |
| Class 4 – Unsecured Creditors | Impaired | The non-insider unsecured creditors of the Debtor total approximately $89,000.00, including the Class 3 Claim of On Deck Capital, Inc. The Debtor's plan is to pay unsecured creditors in Class 4 4% on allowed unsecured claims, payable 120 days from the date of Confirmation of the Debtor's Plan of Reorganization. |
| Class 5 – Equity Security Holders | Unimpaired | Dr. Derek L. Gustafson ("Equity Security Holder") of the Debtor will retain his interest in the Debtor. |

Classes 1, 2, 3 and 4 are impaired under the Plan and entitled to vote. Class 5 is unimpaired under this Plan.

### ARTICLE V
### ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.   A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.   No distribution will be made on account of a disputed claim until such claim is allowed by a final non-appealable order.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan:
1. The lease between the Debtor and Edwin A. Anderson for the lease of certain property located at 2011 3rd Ave E., Hibbing, Minnesota.
2. The lease between the Debtor and Balsam Self Storage LLC for the lease of a storage unit.
3. The rental agreement between the Debtor and Jive Communications, Inc. for the rental of telephone equipment and service.
4. The service agreement between the Debtor and Mediacom Minnesota LLC for internet access.
5. The service agreement between the Debtor and Stericycle for the disposal of medical waste.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

The current owner of the Debtor is Derek L. Gustafson. The Debtor intends to make payments required under the Plan from future operations and income. Any questions regarding this Plan may be directed to the Debtor's counsel: Steven B. Nosek and/or Yvonne R. Doose at Steven B. Nosek, P.A. 2855 Anthony Lane South, St. Anthony, MN 55418, 612-335-9171 or 612-877-8041.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 Effective Date. The Effective Date of this Plan is the entry of an Order of Confirmation.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the law of the state of Minnesota govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Insider Claims. All insider claims for monies owed by the Debtor, secured or otherwise, are hereby subordinated until all payments described in this Plan are paid to creditors of the Debtor.

8.08    Corporate Governance. Subject to the terms of the Plan, on the date the Order confirming the Plan is entered, the Debtor will be restored to full ownership of all property owned by the Debtor, all property of the estate, and all other rights and interest. The property so vested in the Debtor will be free and clear of all liens, claims and encumbrances, charges and other interests of the holders of claims or interest except as specifically provided in the Plan after the date on which the Order confirming the Plan is entered, the Debtor may freely use, acquire and dispose of property of the estate and property of the Debtor, except as otherwise specifically provided in the Plan. The Debtor's operation of its business and use of property will not be subject to any restrictions imposed by operation of the Bankruptcy Code, the Bankruptcy Rules or any prior Bankruptcy Court order entered during the pendency of this case.

## ARTICLE IX
## DISCHARGE

9.01    Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt : (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(b).

Respectfully submitted,
Derek L. Gustafson, D.D.S., P.A.

Dated: /2-/5, 2017.

By: _____
Derek L. Gustafson, Owner

6